

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 05-6949-JFW (MANx)**                              Date: October 3, 2005

Title:   HEATHER ANN SCHNEIDER -v- ALLIANCE ONE

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                      None Present
Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                              None

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On September 23, 2005, Plaintiff Heather Ann Schneider filed a complaint in this Court, alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on the diversity of the parties.

The basic requirement for jurisdiction in diversity cases is that all plaintiffs be of different citizenship than all defendants.  See *Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *see also Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").  In determining diversity jurisdiction pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of the State of its incorporation and the "State where it has its principal place of business." 28 U.S.C. § 1332(c)

Allegations of residence are not adequate to establish diversity.  See *Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2000) ("allegations of residence are insufficient to establish diversity jurisdiction," citing *Guaranty Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit")).  See also *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing," quoting *Mantin v. Broadcast Music, Inc.,* 224 F.2d 204, 206 (9th Cir. 1957)).

Plaintiff has failed to properly allege the citizenship of defendant Alliance One.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than October 14, 2005, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause.

If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before October 12, 2005, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.