

DOCKETED ON CM

OCT 2 6 2005

BY _____ 006

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**

### CIVIL MINUTES -- GENERAL

Case No.  **CV 05-6949-JFW (MANx)**                     Date:  October 25, 2005

Title:      HEATHER ANN SCHNEIDER -v- ALLIANCE ONE

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On  October 3, 2005, the Court issued an Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction ("OSC").  On October 11, 2005, Plaintiff filed a Request for Enlargement of Time for Order to Show Cause ("Request") requesting additional time to respond to the Court's OSC.  On October 12, 2005, the Court granted Plaintiff's Request and continued the OSC to October 20, 2005.  On October 20, 2005, Plaintiff filed a response to the OSC.

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").  The Ninth Circuit has clearly expressed the importance of determining whether subject matter jurisdiction exists in a particular action:

> Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing.  Especially at a time when the burden of litigation in the federal courts reaches a peak thought improbable only a few years ago, it is imperative that any attempt to impose upon federal jurisdiction by pleadings without legal justification must be vigorously discouraged.

*In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) *overruled on other grounds by Partington v.*

Initials of Deputy Clerk

*Gedan*, 923 F.2d 686 (9th Cir. 1991).

Plaintiff's response to the OSC fails to correct the jurisdictional defect noted by the Court in its OSC.  For the reasons set forth in the OSC, this Court lacks subject matter jurisdiction over this action.  Accordingly, the Court **DISMISSES** this action without prejudice.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

Initials of Deputy Clerk __sr__